UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL DESIR,

                Plaintiff,                     **MEMORANDUM & ORDER**

         - against -                         07-CV-1994 (RRM)(MJO)

BOARD OF COOPERATIVE EDUCATIONAL
SERVICES (BOCES) NASSAU COUNTY,
JAMES D. MAPES, ROBERT LOMBARDI,
SANDRA TEDESCO and JOHN GANGEMI,

                Defendants.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.

On June 28, 2006, Plaintiff Paul Desir was terminated as a probationary public school teacher at the Eagle Avenue Middle School in Nassau County, New York. Desir sues his employer, the Board of Cooperative Educational Services, Nassau County ("BOCES"), as well as certain school board officials and school administrators in their official and individual capacities, including: District Superintendent of Schools James Mapes, Deputy Superintendent John Gangemi, Eagle Avenue Middle School Principal Robert Lombardi and Assistant Principal Sandra Tedesco. Against these individuals, Desir asserts discrimination claims under New York State Executive Law §§ 296 and 297, and federal constitutional claims under 42 U.S.C. § 1983.[1] Individual Defendants Mapes, Gangemi, Lombardi and Tedesco move collectively to dismiss the action on the basis of qualified immunity, and for failure to state a claim pursuant to Federal Rule 12(b)(6). For the reasons below, that motion is GRANTED in part and DENIED in part.

---

[1] Desir's Complaint also asserts a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII"), that claim, however, relates only to BOCES and is not the subject of the instant motion.

## BACKGROUND

The Court assumes the Parties' familiarity with the underlying facts and procedural history of the case. For purposes of this Order, however, the following facts are relevant and are set forth below.

Desir is African-American. On or about September 1, 2005, he was hired as a Special Education Teacher at Eagle Avenue Middle School in West Hempstead, New York. It is undisputed that as a first-year teacher, Desir was subject to a probationary period and subject to the terms and conditions of a Collective Bargaining Agreement (the "CBA") between BOCES and the Teachers' Union.[2]

Desir was the subject of four "unsatisfactory" performance evaluations between February and April 2006. Those written evaluations, each of which was expressly referenced in Desir's Complaint, are annexed as part of Defendants' moving papers on its motion to dismiss. Desir claims that his evaluations were conducted in violation of BOCES procedures and policies and that the reasons stated in his poor evaluations were pretextual, disguising discriminatory racial animus. Desir claims, among other things, that the evaluations were conducted without proper notice as an "ambush" and were each conducted during a condensed four-month timeframe, rather than quarterly, as purportedly contemplated by written BOCES guidelines and CBA requirements.

On April 3, 2006, Plaintiff was advised that, effective June 28, 2006, his employment would be terminated. Plaintiff alleges that in violation of protections afforded under the CBA,

---

[2] A copy of the relevant CBA is annexed to Defendants' moving papers, although it is clear that the annexed copy expired prior to Plaintiff's employment. Desir, however, does not challenge the CBA terms or allege any material distinction between the CBA provided to this Court and the CBA actually in effect during Desir's employment.

he was never given the opportunity to make any corrections to the problems alleged in his evaluations.

## DISCUSSION

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a District Court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief in support of his claim. Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 79 (2d Cir. 2003). The issue is not how likely the plaintiff is to ultimately prevail, but whether he is entitled to even offer evidence to support his claims. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Weisman v. LeLandais, 532 F.2d 308, 311 (2d Cir. 1976) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). These standards apply with particular strictness where, as here, the complaint alleges civil rights violations. Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation omitted).

## A. 42 U.S.C. § 1983

With respect to the Individual Defendants, Desir asserts § 1983 claims for deprivation of constitutional rights, including: (a) substantive due process, (b) procedural due process, and (c) equal protection.[3] For the reasons below, Defendants' motion to dismiss is granted in part and denied in part.

### 1) Substantive Due Process Violations Under § 1983

Desir's substantive due process cause of action fails to state a claim. The Due Process Clause provides that certain substantive rights -- life, liberty, and property -- cannot be deprived except pursuant to constitutionally adequate procedures. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). To recover on a substantive due process claim, Plaintiff must establish that the deprivation complained of resulted in the loss of a substantive right, in this case a property right. Although not stated expressly, Desir claims his allegedly unlawful termination deprived him of substantial property rights and economic benefits associated with being a BOCES school teacher.

Because Desir's employment with BOCES was merely probationary, Defendants move to dismiss the claim, contending that, even if Desir was unlawfully terminated, the loss of his probationary employment does not constitute deprivation of a sufficient property interest to sustain a due process claim. Defendants are correct. Under New York law, it is well-settled that service as a probationary teacher does not confer a property right sufficient to establish a § 1983

---

[3] As an initial matter, Desir asserts a claim for equitable relief, including reinstatement to his former employment and the expunging of certain records from his employment file. Such relief is cognizable against school board officials and school administrators in their official capacities. See Ex parte Young, 209 U.S. 123, 157 (1908) (holding that a plaintiff seeking prospective relief from the state must name as a defendant a state official rather than the state or a state agency directly even though in reality the suit is against the state). Unlike claims for injunctive relief, however, § 1983 claims for money damages cannot be asserted against school board officials and school administrators in their official capacities. See Mazza v. The Hendrick Hudson Cent. Sch. Dist., 942 F. Supp. 187, 191 (S.D.N.Y. 1996) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)); see also Gentile v. Wallen, 562 F.2d 193, 195 (2d Cir. 1977). Accordingly, Desir may not properly assert a § 1983 claim for monetary damages against the individual Defendants in their official capacities.

substantive due process claim. See N.Y. Educ. Law § 2590-j 7(a) (McKinney 1995); Cohen v. Litt, 906 F. Supp. 957, 965-67 (S.D.N.Y. 1995) (dismissing § 1983 due process claim holding that plaintiff probationary teacher did not establish requisite property interest in continued employment); see also Castro v. New York City Bd. of Educ., 777 F. Supp. 1113, 1117 (S.D.N.Y. 1990) ("It is well settled under New York law that a probationary employee has no property rights in [her] employment.... A probationary employee who has been dismissed is therefore not entitled to a hearing ..."). Because Desir was a probationary teacher only, he has no property right at stake that might entitle him to the substantive protections of the Fourteenth Amendment. As such, Desir's substantive due process claim under § 1983 is dismissed.

### 2) Procedural Due Process Violations Under § 1983

Desir's procedural due process cause of action also fails to state a claim. Procedural due process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Loudermill, 470 U.S. at 541 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)). The implication is that procedural protections depend entirely upon the existence of substantive rights. See, e.g., Bd. Of Regents of State Colls. v. Roth, 408 U.S. 564, 576-78 (1972) (teacher without a contract right to continuing employment has no property interest sufficient to require state employer to provide a termination hearing). As stated above, because Desir's probationary status does not confer a protected property right, termination of his probationary employment does not trigger a procedural due process claim. See Cohen, 906 F. Supp. at 966. Therefore, Desir's § 1983 procedural due process claim is dismissed.

### 3) Equal Protection Violations Under § 1983

The Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws," (U.S. Const. amend. XIV, § 1) "which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (internal citations omitted).

In the public employment context, the Second Circuit has held that race-based discrimination may be actionable under § 1983 as a violation of equal protection. See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (citing Gierlinger v. New York State Police, 15 F.3d 32, 34 (2d Cir. 1994)). Once action under color of state law is established, Desir's § 1983 equal protection claim parallels his Title VII claim in this action, the only difference being that his § 1983 claim may be asserted against individuals, whereas his Title VII claim may only be brought against the State entity. See Feingold v. New York, 366 F.3d 138, 159 at n. 20 (2d Cir. 2004) ("The elements of one are generally the same as the elements of the other and the two must stand or fall together."); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998). Thus, Title VII's well-established "McDonnell Douglas"[4] burden-shifting framework provides the appropriate standard for analyzing Desir's § 1983 equal protection claim against the individual Defendants.

Although Defendants argue that Desir fails to offer any evidence or legal authority to support his allegations of racially motivated discrimination, the merits of Desir's discrimination

---

[4] Application of the Supreme Court's McDonnell Douglas test is well established and a complete explication of the standard need not be belabored at this stage. Suffice it to say that under McDonnell Douglas, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 793 (1973). If the plaintiff does so, the burden shifts to the defendant to articulate "some legitimate, non-discriminatory reason" for its action. Id. Should the defendant carry this burden the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were merely a pretext for discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981). At all times, however, the ultimate burden of establishing the fact of discrimination remains with the plaintiff. See id.

claims are not at issue on a 12(b)(6) motion. See Global Network Commc'ns., Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006). Indeed, the principal discrimination claim, namely Desir's Title VII action against BOCES, is not challenged in the instant motion. Rather, the individual Defendants argue only that, with respect to allegations of discrimination under § 1983, they are properly entitled to qualified immunity from liability. As such, this Court limits its review solely to the issue of whether the individual Defendants are shielded from liability under the doctrine of qualified immunity.

Defendants are generally "entitled to qualified immunity from a § 1983 action insofar as [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or even where the rights were clearly established, if it was objectively reasonable to believe that [their] acts did not violate those rights." Mazza, 942 F. Supp. at 194; Hill v. City of New York, 45 F.3d 653, 663 (2d Cir. 1995). In deciding whether qualified immunity applies, the threshold inquiry is whether the plaintiff's version of the facts "show[s] the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001); accord Moore v. Vega, 371 F. 3d 110, 114 (2d Cir. 2004). If, in construing the facts in favor of Plaintiff, no constitutional or statutory right was violated, a court need not conduct further inquiries concerning qualified immunity. Saucier, 533 U.S. at 201; Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006). If, on the other hand, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201. A defendant is entitled to qualified immunity only if he can show that, viewing the evidence in the light most favorable to plaintiff, no reasonable jury could conclude that the defendant acted unreasonably in light of the clearly established law. Ford v. Moore, 237 F.3d 156, 162 (2d Cir.2001). In other words, government

officials will be immune from liability if they can establish that it was objectively reasonable for them to believe their actions were lawful at the time. Vega, 371 F.3d at 114.

At this early stage of the proceedings, genuine issues of fact preclude a finding of qualified immunity. A qualified immunity defense may be presented, but "faces a formidable hurdle" in a Rule 12(b)(6) motion, and is usually not successful. See, e.g., McKenna v. Wright, 386 F.3d 432, 434 (2d Cir. 2004); Levine v. Lawrence, No. 03-cv-1694, 2005 WL 1412143, at * 11 (E.D.N.Y. June 15, 2005). As with any Rule 12(b)(6) dismissal motion, the court must accept all of the complaint's material allegations as true, and draw all reasonable inferences in favor of the plaintiff. See Velez v. Levy, 401 F.3d 75, 100 (2d Cir. 2005). Rule 12(b)(6) dismissal on qualified immunity grounds is only permitted where the basis for qualified immunity is established by the face of the complaint itself, and it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. McKenna, 386 F.3d at 435-36 (citing Green v. Maraio, 722 F.2d 1013, 1019 (2d Cir. 1983), and Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992)). That is, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." McKenna, 386 F.3d at 436.

Here, Desir alleges that school administrators and school board officials purposefully and unlawfully discriminated against him on the basis of his protected status as an African-American. In support, Desir alleges that, because of racial animus on the part of Caucasian school officials, he was subjected to disparate treatment in his employment. For example, Desir claims that, because of his race, he was, among other things, subjected to what he calls "ambush-style" evaluations in violation of relevant collective bargaining protections and BOCES policies and procedures, resulting in unfairly negative and wholly pretextual performance reviews; was

denied teaching resources; and was generally deprived of any opportunity to meaningfully address concerns in his teaching performance. As a result of Defendant's alleged discriminatory conduct, Desir claims that he was unlawfully terminated in violation of his Constitutional rights.

Although the Supreme Court has stressed that immunity issues should be decided at the earliest possible stage in litigation, see Saucier, 533 U.S. at 201, the general rule remains that qualified immunity does not attach as a matter of law when the immunity turns on the resolution of disputed facts, and when the official knew or should have known that the alleged violation was unreasonable. See Jones v. Westchester County Dep't of Corr. Med. Dep't, 557 F. Supp. 2d 408, 416 (S.D.N.Y. 2008). It may be that upon a more fully developed record, Defendants can conclusively establish either that (1) their actions did not violate Desir's rights and/or (2) that such actions do not provide a basis to find that Defendants knew or reasonably should have known that they were violating his clearly established rights. At this stage, however, it is uncontested that Defendants, by their Rule 12 motion for partial dismissal, do not challenge the underlying merits of Desir's claim. As such, this court cannot say with the requisite degree of certainty that Defendants are entitled to dismissal on the basis of qualified immunity as a matter of law. See, e.g., id. Accordingly, Defendant's motion for dismissal under Rule 12(b)(6) based on qualified immunity is denied without prejudice.

### B. New York Executive Law §§ 296 and 297

For the reasons stated immediately above, Defendants' motion to dismiss Desir's New York Executive Law § 296 claim on the basis of qualified immunity is similarly premature and is therefore denied. Next, Defendants argue, and Desir appears to concede, that N.Y. Exec. Law § 297 is a procedural rule that does not provide a cause of action. The court agrees, and that claim is dismissed.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants' motion is GRANTED as to: (a) Plaintiff's Section 1983 substantive due process claim; (b) Plaintiff's Section 1983 procedural due process claim; (c) Plaintiff's Section 1983 claim for money damages against the individual Defendants in their official capacities; and (d) Plaintiff's claim pursuant to New York Executive Law §297.

Defendants' motion to dismiss is DENIED as to: (d) Plaintiff's Section 1983 equal protection claim for prospective equitable relief; (e) Plaintiff's Section 1983 equal protection claim for money damages against Defendants in their individual capacities; and (f) Plaintiff's New York Executive Law §296 claim.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2008

_____
ROSLYNN R. MAUSKOPF
United States District Judge